[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a complaint filed with the court on April 22, 2002 claiming a dissolution of marriage and other relief. The plaintiff appears through counsel and the defendant appeared pro se.
The court finds that service was made in accordance with the statutes and that the jurisdictional requirements have been established. The court further finds that the allegations of the first count of the complaint dated April 15, 2002 have been proven. The court hereby makes the following findings:
The plaintiff is approximately fifty-five years old. She was married to the defendant on July 25, 1970. She suffers from multiple sclerosis. She was diagnosed with that disease in 1969 or 1970. She has lived and progressed throughout most of her adult life to date with that disease. At present, she is essentially bound to a wheelchair and has been so for the last four or five years. She does have a handicapped van, but she has hot been able to drive recently. She suffers from tremors in her hands and the other effects of multiple sclerosis. She takes a number of medications, not only for the disease itself, but for other conditions which include muscle spasms, high cholesterol, and pain. She takes steroids, Prozac, hormone medication, and blood thinners. She currently receives social security disability benefits in the sum of $244.00 per week and has qualified for Title XIX for prescription medication. She is helped at present by a home health aid. She has medical insurance through Cigna Insurance and that is provided through the husband's prior employment through the Town of Simsbury.
While the defendant was still employed by the Town of Simsbury, the parties purchased a package store. That business was operated under the name of "The Village Spirit Shop" and it was located in Tariffville. Both parties worked at the business, and during its operation the defendant husband retired or left the employ of the Town of Simsbury. The plaintiff indicates that the business was quite successful at one time. The parties CT Page 3364 earned from it, and traveled and enjoyed a good quality of life. The business more recently has fallen off. The plaintiff has not been able physically to work at the business for more than one year. The plaintiff testified that the liquor license required for the operation of the store lapsed several months ago, which was not known to her until recently. There is some evidence to support the claim that Mr. Latonie had been selling liquor after the expiration of the license. However, he has taken the contents, fixtures, and inventory of the store and the store is no longer in operation. In addition, while operating the store, and subsequent to the filing of this action and the entry of automatic orders, Mr. Latonie had executed a promissory note in the amount of $30,000.00 to his sister and brother-in-law, Carol J. Nolan and Roger E. Nolan. There had been a motion to cite in Mr. and Mrs. Nolan as defendants, which motion was granted. Inexplicably, they were not cited into the case.
The parties owned a marital home which was located at 12 Larch Drive in East Granby, Connecticut. The parties owned that home for approximately thirty years. When the defendant moved out of the home, the mortgage and bills had not been paid in some time and were not paid subsequent to his moving. The home eventually fell into foreclosure and was purchased by an adult child of the parties. The plaintiff currently lives there and pays rent to her son in the amount of $600.00 per month.
It was the plaintiff's testimony that when the plaintiff moved from the home in February 2002, he had an affair with a woman from France he met on the Internet. This person has apparently come to visit the defendant several times. It is also the testimony of the plaintiff that the defendant has a longstanding substance abuse problem with alcohol. He has been in rehabilitation several times, the latest being in 1996 or 1997 through the Veteran's Administration.
The defendant, John Latonie is found to have an earning capacity in the sum of $400.00 per week. Said capacity is based upon his prior earnings, prior employment with the Town of Simsbury, and his skills and abilities which should enable him to obtain a job at minimum in that earning category.
The court has considered the statutory criteria relative to this matter as well as the documentary evidence and testimony of the parties and witnesses. The court hereby enters the following orders:
The marriage of the parties is hereby dissolved.
The husband shall pay to the wife alimony in the amount of $150.00 per CT Page 3365 week which will terminate upon the death of either party. The orders previously made with respect to arrears shall remain in full force and effect. An immediate wage withholding is ordered for that purpose.
The defendant husband shall convey one-half of his pension and/or any retirement benefit from the Town of Simsbury to the plaintiff. A Qualified Domestic Relations Order is ordered for that purpose if appropriate.
Each party shall retain their respective IRA and bank accounts as listed on their respective financial affidavits.
The court's order with respect to the business property and inventory of February 21, 2003 shall remain in full force and effect. In the event that the parties are able to affect a sale of the jointly owned business, the proceeds of the sale shall be divided equally between the parties. The note signed by Mr. Latonie to Roger E. Nolan and Carol J. Nolan shall be his sole responsibility.
The parties shall be responsible for the liabilities on their respective financial affidavits.
The defendant shall continue to provide medical insurance for the benefit of the plaintiff as is currently in effect through the Town of Simsbury. He shall undertake not to allow the existing policy to lapse. He shall not change or alter the coverage or the policy without the plaintiff's express written authorization. He shall continue to pay her medical insurance for the maximum period provided under the COBRA statutory provisions.
The wife shall be entitled to such personal property as is listed on her proposed orders dated January 31, 2003.
 BY THE COURT Antonio C. Robaina, J.
CT Page 3366